IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH KAISAM *<br>       Petitioner,<br>   v.                                          *   CIVIL ACTION NO. JKB-16-551<br>STATE OF MARYLAND                *<br>       Respondent.<br>                                              ***** | |

**MEMORANDUM**

On February 23, 2016, the court received for filing the above-captioned 28 U.S.C. § 2241 petition for writ of habeas corpus by Joseph Kaisam ("Kaisam"), a prisoner housed at the Prince George's County Detention Center ("PGCDC"). Kaisam states that in October of 2015, he filed a demand for credit for time spent in "official detention" pending resolution of a charge in Worcester County, Maryland under the "Sentencing Reform Act" and the "Interstate or Intercounty Agreement on Detainers Act." ECF No. 1. He seemingly contends that he is being deprived of his due process and equal protection rights because he has the right to have a speedy resolution of his demand for credit with 180 days. *Id*. at pp. 2-5.

The state court docket reveals that on September 10, 2015, Kaisam pled guilty to one count of second-degree assault in the Circuit Court for Worcester County and was sentenced to an 18-month term. *See State v. Kaisam*, Case No. 23K15000134 (Circuit Court for Worcester County) (copy attached). On September 21, 2015, a "motion for credit for time spent in an official detention" was filed and on October 19, 2015, an order was entered "granting the credit *if due*." (Emphasis added.) Further, on October 13, 2015, a motion for "credit against sentence for time spent in custody" was filed by Kaisam. That motion was denied in an order entered November 9, 2015. Thus, Kaisam's request has been ruled upon. Inasmuch as he continues to seek the award of credits, which would go

to the execution of his sentence, his action shall be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.[1]  For reasons to follow the petition shall be dismissed without prejudice.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).

Federal law is clear that a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Rose v. Lundy,* 455 U.S. 509 (1982).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose,* 455 U.S. at 523.

An inmate claiming an entitlement to an immediate release can seek relief directly from the state courts by:

---

[1] When a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh,* 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

      1.       Filing a petition for writ of habeas corpus in a Circuit Court;

      2.       Appealing a decision by the Circuit Court to the Court of Special Appeals; and

      3.       Seeking certiorari to the Court of Appeals from a decision by the Court of Special Appeals.

The state court docket (Maryland Judiciary Case indices)[2] show that no habeas corpus petition was received for filing in the state court. Thus, Kaisam has not exhausted his state court remedies as to his issue. His action must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U.S. at 490-91. A separate Order follows.

Date: March 2, 2016                                                         /s/
                                                                           James K. Bredar
                                                                           United States District Judge

---

[2]     *See* http://www.casesearch.courts.state.md.us/inquiry.